McIlvaine, J.
Having first considered this case upon the merits, the court is of opinion, that the judgment of reversal by the district court was right. - While it is clear, from the finding of facts by the court of common pleas, that the instrument sued on was fraudulently obtained from Ilively by Robinson, and that Hively, when he signed the same, believed, from the representations of Robinson, that he was signing an instrument other than a promissory note, and that he did not *539 intend to sign or deliver a promissory note, it was not found, in express terms, that he was free from negligence in the premises. In order to exoúerate Iiively from liability to an innocent jrolder for value, to whom the note was indorsed before maturity, as was held in the case of De Camp v. Hamma, 29 Ohio St. 467, it was necessary to show that he was without negligence, and the burden of this showing rests upon the defense. True, the circumstances set out in the finding tend to prove that Iiively was free from carelessness, but the essential fact, to wit: freedom from negligence, was .not found, and a reviewing court is not authorized, upon such findings, to weigh the testimony for the purpose of determining probabilities. The finding that Hively could not read and write was not equivalent to a finding that he was free from carelessness in signing and delivering the instrument. And aside from his inability to read, the circumstances detailed in the findings of fact, tend, at least, to show that the exercise of ordinary prudence, on his pail,would have prevented the consummation of the fraud.
In view of the circumstances disclosed, we think, the indorsee was not excused from his duty to his indorsor to make demand of payment from Hively and give due-notice of non-payment, as he would have been, if the signature of Hively had been a forgery, or if he had not been liable to an innocent indorsee.
Nor is the contention of plaintiff in error, that White fraudulently concealed, at the time of the transfer, his knowledge of the fraud committed by Robinson upon Hively, of any avail in excuse for failing to make demand and to give notice of non-payment. It was found by the court, that White was an innocent indorsee of the note from Robinson, before maturity, and for a valuable consideration. Subsequent notice to him of Robinson’s fraud upon Hively did not affect his title or right as innocent holder, and, therefore, his indorsee, Perkins, with or without notice of such fraud, succeeded to the rights of an innocent holder, and could have enforced payment from Hively free from the defense of fraud on the part of Robinson. Perkins was not prejudiced by such con *540 cealment on the part of White. If Hively was liable on the note to an innocent holder, Perkins obtained all he bargained for, and if Hively was not so liable, White was not entitled to notice of non-payment upon duo demand, whether ho had knowledge of Robinson’s fraud at the time of the transfer by him, or not; and whether he communicated such knowledg'e to Perkins or not. The note, being free from the defense of fraud on the part of the payee, in the hands of White as innocent indorsee, could not be made subject to such defense in the hands of a subsequent holder, although such subsequent holder had knowledge of the fraud at the time he received it. The mere fact, therefore, that White had acquired knowledge of Robinson’s fraud upon Hively, after he had become an innocent owner of the note, and the further fact that he did not communicate such knowledge to Perkins when he indorsed the note to him, did not relieve Perkins from the duty of making demand and giving notice to White, if he intended to look to White for payment of the note as indorser.
Upon this view of the case, the judgment of reversal should be affirmed; but inasmuch as the district court remanded the cause to the common pleas for a new trial, it becomes necessary to inquire, whether or not the appeal from the judgment of the justice of the peace was authorized by law; and, if not, .an additional reason exists for affirming the judgment of reversal, and it also affords ground for reversing the order remanding the cause for a new trial.
The law regulating appeals from justices of the peace, at the time this was attempted, was found in act of March 30, 1875 (73 Ohio L. 159), amending sections 111 and 123 of the act of March 14, 1853, and section 90 of the last named act (S. & 0. 785). The state of the law, under these sections, has given rise to much perplexity in the minds of the profession. It has heretofore been held by this court, that under these provisions an appeal would not lie in an action for the recovery of specific personal property which proceeded to trial for damages (where the property was not delivered) before a jury whose verdict was for less than $100.00 — there being no claim in the bill of particulars for damages exceeding $100.00. Ohio & *541 Toledo R. R. v. Bates (26 Ohio St. 32). And it has also been held in Vogel v. Haffy (29 Ohio St. 439), that an .appeal will lie in a case tried by a jury where the damages claimed exceeded §100.00, although the judgment was for less than §100.00.
In the case now before us, the trial was by the justice, and not by a jury. Section 111, as amended, provides : “ That in all cases not otherwise specially provided by law, either party' may appeal from the final judgment of any justice of the peace to the court of common pleas of the county whore the judgment was rendered, when such judgment, exclusive of costs, amounts tonot less than one hundred dollars.” And section 123, as amended, reads: “Appeals in the following cases shall not be allowed: ... 2. In jury trials, where neither party in their bill of particulars claim a sum exceeding one hundred dollars, and the judgment, exclusive of costs, is less than ono hundred dollars.” It being conceded, as it is and must be, that appeals are only allowed in cases wherein the right is given by statute, it is quite clear, that under the provisions above quoted, the appeal in the case before us was not authorized, although the amount claimed in the bill of particulars was greater than one hundred dollars; because the judgment was for less than one hundred dollars, and the case was not'tried by a jury.
It remains, therefore, only to inquire whether such appeal was authorized by section 90 of the original act, March 14, 1853.
In Vogel v. Haffy, supra, it was held that section 90 was so modified by section 123, as amended March 30, 1875, as to substitute “ one hundred dollars ” for “ twenty dollars,” so that section 90 should be read: “ If either the plaintiff or defendant in their bill of particulars claim more than one hundred dollars, the case may be appealed to the court of common pleas,• but if (neither) party demand a greater sum than one hundred dollars, and the case is tried by a jury, there shall be no appeal.”
In Vogel v. Haffy, a cause tried by a jury and the claim being more than §100.00, although the judgment less, the light of appeal was found in this section so modified.
*542 The correctness of that decision is a matter of some doubt; but without undertaking to overrule it, we are satisfied that section 90, unrepealed by the act of 1875, but modified as above stated, did not confer the right of appeal from a judgment in a case not tried by a jury. This is quite apparent from the history of legislation on the subject of appeals from justices’ judgments.
The act of March 14,1831, defining the power and duties of justices of the peace, and constables, in civil cases, by section 40, regulated the whole subject of appeals, in these words: “Appeals shall be allowed to the court of common pleas from the final judgment of any justice of the peace, rendered under the provisions of this act, except from judgments rendered on confession.”
On February 14, 1840, the right of trial by a jury of six good and lawful men was introduced in the courts of justices of the peace. The right of appeal in cases tried by a jury was then limited by section 7 of the act of that date (38 Ohio L. 27) as follows: “ That when the amount found by the jury shall not exceed the sum of twenty dollars, exclusive of costs, there shall be no appeal from the judgment of the justice thereon, any fofmer law to the contrary notwithstanding.” By this statute no right of appeal was given, — the only provision on the subject being a limitation upon the right as given by section 40 of the act of 1831.
By the act of March 4, 1845 (43 Ohio L. 57) to amend the act of 1840, “to allow juries before justices of the peace,” it was provided : “and when in case of appeal from the judgment of any justice of the peace under the before recited act, it shall appear that the plaintiff by his bill of particulars before such justice claims more than twenty dollars, and the verdict of the jury was either in favor of the defendant, or in favor of the plaintiff for a less sum than twenty dollars, said cause shall be entered in the court of common pleas and shall be proceeded upon in all respects as other cases of appeal.” Evidently this amendment was intended to modify the limitation ‘upon the right of appeal in jury cases as declared by the act of 1840, leaving the right of appeal in cases tried by a jury, as before, to *543 rest upon section 40 of the act of 1831 — which section alone continued to be the sole rule regulating appeals in cases not tried by a jury.
By the act of March 14, 1853 (S. & C. 769), which repealed the acts of 1831, 1840 and 1845, the entire practice before justices of the peace was revised, and the general right of appeal was re-enacted in section 111, as follows : “ In all cases not otherwise provided for by law, either party may appeal from the final judgment of any justice of the peace to the court of common pleas of the county where the judgment was rendered.” And by section 123, it was “ otherwise specially, provided -for by law ” that “ appeals in the following cases shall not be allowed: 1. On judgments rendered on confession. 2. In jury trials where neither party claim in their bill of particulars a sum exceeding twenty dollars.' 3. In the action for forcible entry and detention, or the forcible detention of real property. 4. In trials of the right of property, under the statutes, either levied upon by execution or attached.”
It would thus appear that the whole subject was provided for by sections 111 and 123 of this act. Nevertheless, in arranging and compiling this statute from former laws, among the provisions relating to trial by jury, the subject of appeal as limited by the act of 1840 as amended in 1845, was re-enacted and formed section 90, as above quoted. If, therefore, it be true that section 90 of this act can not give to the statute any operation, on the subject of appeals, that it would not have under sections 111 and 123, and if it be true, as held in Vogel v. Haffy, that the right of appeal in cases tried by a jury, where the claim was more, hut the judgment less, than one hundred dollars, was found in section 90, as modified in 1875, still, we are unable to find in it (section 90) any authority for an appeal in a like case tried by the justice and not by. a jury — and such is the case before us.
Judgment of district court reversing judgment of common pleas affirmed, and order of the district court remanding the case reversed, and said cause dismissed for want of jurisdiction in the common pleas.